UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); and
DOLORES GROMALSKI and
PABLO GOMEZ, for themselves and
others similarly-situated,

   Plaintiffs,

v.

FORD MOTOR COMPANY,

   Defendant.
_____/

Case No. _____

Class Action

U.S. District Judge _____

**COMPLAINT AND JURY DEMAND**

   Plaintiffs Dolores Gromalski and Pablo Gomez, for themselves and others similarly-situated, and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), complain against defendant Ford Motor Company.

   1. Plaintiffs bring this action to protect and enforce rights to collectively-bargained lifetime retirement healthcare benefits for the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members.

   2. The individual plaintiffs sue for themselves and a class of others similarly-situated. The proposed class includes retirees who were employed at and retired from Ford Motor Company's Ford Electronics and Refrigeration Corporation plant in Lansdale, Pennsylvania and at Ford Motor Company's Ford Motor Company Caribbean, Incorporated plant in Canovanas, Puerto Rico before June 2000 based on their years of service with Ford. In June 2000, after some class members retired, the Lansdale and Canovanas plants were transferred to

Visteon Corporation as part of Ford Motor Company's spin-off of certain automotive parts operations. Other class members retired from the two plants after June 2000 based on their years of service with Ford and Visteon.

3. The class which the individual plaintiffs seek to represent consists of the individual plaintiffs and similarly-situated retirees who earned lifetime retirement healthcare benefits for themselves and their spouses and surviving spouses and other eligible family members by working for a period of years at and retiring from the Lansdale and Canovanas plants. The lifetime retiree benefits were promised in collective bargaining agreements between defendant Ford Motor Company's subsidiaries and the UAW (the "Ford collective bargaining agreements") and collective bargaining agreements between Visteon Corporation, Visteon Systems LLC, and Visteon Caribbean, Inc. and the UAW (the "Visteon collective bargaining agreements").

4. The proposed class includes participants in and beneficiaries of Visteon Systems LLC Health and Welfare Benefit Plan for Hourly Employees-North Penn Location and Visteon Caribbean, Inc. Employee Group Insurance Plan (the "Visteon plans"). The plans were created by Visteon Corporation, Visteon Systems LLC, and Visteon Caribbean, Inc. (collectively "Visteon") pursuant to obligations under collective bargaining agreements between the UAW and defendant Ford Motor Company's subsidiaries and/or Visteon to implement those obligations.

5. Members of the proposed class have been injured and have been, are being, and will be deprived of promised retirement healthcare as a result of actions of Ford, Visteon, and the Visteon plans, including the unilateral termination and planned termination of promised retirement healthcare benefits and the Visteon plans.

6.  This action is brought by the individual plaintiffs for themselves and as class representatives pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1)(A) and (B) and (b)(2) and by the UAW as a party to the governing collective bargaining agreements.

**Jurisdiction and Venue**

7.  This Court has jurisdiction under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; under 29 U.S.C. §§1331 and 1337; and under Sections 502(a)(1)(B), (a)(3), (e), and (f) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132(a)(1)(B), (a)(3), (e), and (f).

8.  Venue is proper in this district under LMRA Section 301(a), 29 U.S.C. §185(a), and under ERISA Sections 502(e)(2) and (f), 29 U.S.C. §§1132(e)(2) and (f).

**Parties**

9.  Plaintiff and class representative Dolores Gromalski resides in Norristown, Pennsylvania.  She began at the Lansdale plant in 1952, left to have children, and returned to the Lansdale plant in 1971.  She retired from the Lansdale in 1997 and then began receiving retiree healthcare benefits from Ford, most recently administered by the Visteon plans. While employed at the Lansdale plant, she was in the UAW-represented bargaining unit.

10.  Plaintiff and class representative Pablo Gomez resides in Luquillo, Puerto Rico. He began at the Canovanas plant in 1964.  He retired from the Canovanas plant in 2006 and then began receiving retiree healthcare benefits from Visteon, administered by the Visteon plans. While employed at the Canovanas plant he was in the UAW-represented bargaining unit.

11.  Plaintiff UAW is a labor organization representing workers in industries affecting commerce within the meaning of 29 U.S.C. §§142, 152, and 185.  UAW has its headquarters at 8000 East Jefferson Avenue, Detroit, Michigan.

12. Defendant Ford Motor Company was the parent of Ford Electronics and Refrigeration Corporation and Ford Motor Company Caribbean, Incorporated (collectively "Ford") and is a corporation with its headquarters at One American Road, Dearborn, Michigan.

13. Visteon Systems LLC Health and Welfare Benefit Plan for Hourly Employees-North Penn Location and Visteon Caribbean, Inc. Employee Group Insurance Plan (collectively the "Visteon plans") are employee welfare benefit plans, as defined in ERISA, 29 U.S.C. §1002(1), established for the purpose of providing participants and their beneficiaries medical, surgical, hospital, prescription drug, and other benefits. The Visteon plans are administered at One Village Center Drive, Van Buren Township, Michigan.

14. Visteon Corporation is the parent of Visteon Systems LLC and Visteon Caribbean, Inc. and is a corporation with its headquarters at One Village Drive, Van Buren Township, Michigan and is the sponsor of the Visteon plans.

15. Ford, Visteon, and the Visteon plans are obligated by collective bargaining agreements to provide retirement healthcare benefits to retired employees from the Lansdale, Pennsylvania and Canovanas, Puerto Rico plants who, while employed, were members of UAW-represented collective bargaining units, and to the spouses and surviving spouses and other eligible family members of those retired employees.

**Summary of Facts**

16. UAW was the collective bargaining representative of the individual plaintiffs and others in collective bargaining units at the Lansdale, Pennsylvania and Canovanas, Puerto Rico plants. UAW negotiated various collective bargaining agreements with Ford governing the terms and conditions of unit members' employment. These agreements included promises of lifetime healthcare benefits for retirees and their spouses and surviving spouses and other eligible

family members, including the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members.

17. In June 2000, Ford spun-off certain of its automotive parts operations, including the Lansdale and Canovanas plants, to Visteon. Visteon assumed Ford's obligations to provide retiree healthcare benefits with respect to retirees who retired from Ford prior to June 2000, including retirees from the Lansdale and Canovanas plants. Neither the UAW nor any retiree released Ford from its obligations to provide lifetime healthcare benefits under the Ford collective bargaining agreements.

18. In collective bargaining agreements negotiated between the UAW and Visteon for the Lansdale and Canovanas plants after June 2000, the contractual obligations regarding retirement healthcare benefits for UAW-represented retirees, spouses and surviving spouses continued unchanged except that Visteon, along with Ford, became obligated to provide lifetime retiree healthcare benefits to members of the proposed class who retired before June 2000.

19. Pursuant to the Ford and Visteon collective bargaining agreements, the Visteon plans have provided retirement healthcare benefits to UAW-represented Lansdale and Canovanas retirees and their spouses and surviving spouses and other eligible dependents.

20. Ford, Visteon, and the Visteon plans are obligated under the collective bargaining agreements to provide lifetime retirement healthcare benefits for UAW-represented retirees and their spouses and surviving spouses and other eligible family members, including the individual plaintiffs and the members of the proposed class.

21. For example, Article 17 of the collective bargaining agreements governing the Lansdale plant promises that the "Company shall continue to provide the same Pension Plan and Group Insurance plans which it has previously provided, pursuant to the terms and conditions of

the Pension Plan of Ford Electronics and Refrigeration Corporation, North Penn Facilities, and the group insurance policies…" See, attached as Exhibit A, Article 17 of the March 22, 1997–March 17, 2000 collective bargaining agreement governing the Lansdale plant.  In addition, the applicable insurance plan provides that current and future early, disability, and normal retirees who retired from active employment are entitled to continued healthcare under the plan at no expense to the retirees.  See, attached as Exhibit B, p. 1-2 of the March 1997 Medical Plan for Ford Electronics and Refrigeration Corporation Hourly Employees.

22. For example, Article IX, Section 18(d)(2)(iii) of the collective bargaining agreements governing the Canovanas plant promises that the "Company will pay the monthly premium for hospital-surgical-medical-drug-dental coverages for retired employees…and their eligible dependents and surviving spouses eligible to receiv[e] benefits under the Retirement Plan [pension plan]…" See, attached as Exhibit C, Article IX, Section 18 of the May 11, 1998–May 1, 2001 collective bargaining agreement governing the Canovanas plant.

**Class Action**

23. Plaintiffs Gromalski and Gomez bring this action for themselves, and on behalf of others similarly-situated under Federal Rules of Civil Procedure 23(a) and (b)(1)(A) and (B) and (b)(2).

24. The individual plaintiffs seek to represent a class of all persons entitled to lifetime retiree healthcare under the Ford and Visteon collective bargaining agreements governing the Lansdale and Canovanas plants and the Visteon plans.

25. The exact number of proposed class members is not presently known but, on information and belief, totals more than 1,100 persons, and is so numerous that joinder of all members in impracticable.

6

26. There are questions of law and fact common to the class, including legal and factual questions regarding retirement healthcare benefits addressed in collective bargaining agreements and welfare benefit plans and the propriety under LMRA and ERISA of termination or alteration, and threatened termination or alteration, of retirement healthcare benefits arising under those agreements and plans.

27. The individual plaintiffs' claims are typical of the claims of the proposed class as these claims arise under collective bargaining agreements and welfare benefit plans covering UAW-represented employees who worked at and retired from the plants owned and operated by Ford and Visteon, and covering the retirees' spouses and surviving spouses and other eligible family members, and relate to conduct that adversely affected or that will adversely affect class members' retirement healthcare benefits in the future.

28. The individual plaintiffs will fairly and adequately represent the interests of the proposed class because they have the same or similar claims and interests arising out of the same or similar operative facts and the same law and contract obligations and benefit plans, and because they have secured the representation of attorneys who are knowledgeable and experienced in labor law, ERISA, and litigation of this kind, and because they have joined with and secured the support of UAW in their efforts to enforce their rights and the rights of members of the proposed class to lifetime retirement healthcare.

29. The actions addressed in this lawsuit apply generally to the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the proposed class as a whole and so that a class action is appropriate to avoid the risks of inconsistent or varying adjudications of individual claims and individual adjudications that as a practical matter would be dispositive of the interests of those within the proposed class.

## COUNT I – BREACH OF LABOR CONTRACTS

30. Paragraphs 1-29 are incorporated in this count.

31. Ford, Visteon, and the Visteon plans are obligated under the collective bargaining agreements and the Visteon plans to provide individual plaintiffs and others similarly-situated, and their spouses and surviving spouses and other eligible family members, with lifetime retirement healthcare benefits, as promised in those collective bargaining agreements.

32. Ford, Visteon, and the Visteon plans have failed and refused to provide the individual plaintiffs and others similarly-situated, and their spouses and surviving spouses and other eligible family members, with retirement healthcare benefits promised and required by the collective bargaining agreements.

33. In May 2009, Visteon filed a petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §1101 *et seq.*, in the U.S. Bankruptcy Court for the District of Delaware. Thereafter, Visteon sought and obtained authority from the Bankruptcy Court to terminate retirement healthcare benefits, including benefits for members of the proposed class, and did terminate those benefits. A later decision of the U.S. Court of Appeals for the Third Circuit and later orders of the Bankruptcy Court ordered Visteon to reinstate those retirement healthcare benefits, with the exception of benefits for certain Lansdale plant retirees subject to an April 2, 2005 plant closing agreement.

34. Visteon has not yet reinstated those benefits or made whole those affected by the termination. Under Visteon's recently approved Chapter 11 plan of reorganization, Visteon reserved the right to terminate retirement healthcare benefits upon its emergence from bankruptcy, subject to the right of any retiree or retiree representative to contest the lawfulness of

such termination. All parties reserved their rights on any prospective termination of retirement healthcare benefits by Visteon.

35. Visteon has announced its intention to terminate the retirement benefits and the Visteon plans after Visteon emerges from bankruptcy, which is expected imminently. Due to the automatic stay term of the U.S. Bankruptcy Code, 11 U.S.C. §362, plaintiffs have not named Visteon or the Visteon plans as defendants, but anticipate doing so when Visteon emerges from bankruptcy.

36. The planned termination of the retirement benefits and the Visteon plans is a breach of the obligations to provide lifetime retirement healthcare benefits to members of the proposed class under the collective bargaining agreements.

37. The earlier termination of healthcare benefits, the planned termination of the yet-to-be reinstated healthcare benefits, and the planned termination of the Visteon plans have caused and will continue to cause UAW-represented retirees and former employees and others similarly-situated, and their spouses and surviving spouses and other eligible family members, to incur personal expense for healthcare and to incur other expenses and damages.

38. When the UAW and Ford and Visteon negotiated the collective bargaining agreements providing for lifetime healthcare and other benefits for retirees, and for their spouses and surviving spouses and other eligible family members, they intended to provide retirees, their spouses and surviving spouses and other eligible family members with security, stability, certainty, peace of mind, and other benefits of obvious mental concern and solicitude and they intended that such individuals rely on the promises of lifetime retirement healthcare benefits and other benefits.

39. Ford, Visteon, and the Visteon plans have breached their collectively-bargained obligations to plaintiffs and in doing so have caused plaintiffs and class members injury and damage and mental anguish and distress, and continue to cause plaintiffs and class members injury and damage and mental anguish and distress in breach of the governing collective bargaining agreements.

## COUNT II – VIOLATION OF ERISA

40. Paragraphs 1-39 are incorporated in this count.

41. The collectively-bargained retirement healthcare benefits promised and provided by Ford and Visteon to UAW-represented retirees, including to the individual plaintiffs and others similarly-situated, and to their spouses and surviving spouses and other eligible family members, constitute one or more "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §1002(1).

42. Ford and Visteon are or were, at all relevant times, the plan "sponsors" and "administrators" of the "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §§1002(16)(A) and (B).

43. The individual plaintiffs and persons similarly-situated, and their eligible spouses and surviving spouses and other eligible family members, are "participants" in or "beneficiaries" of the "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §§1002(7) and (8).

44. The collectively-bargained "employee welfare benefit" plan or plans sponsored and administered by Ford and Visteon, including but not limited to the Visteon plans, promise and provide lifetime healthcare benefits for UAW-represented retirees, including the individual

plaintiffs and others similarly-situated, and their spouses and surviving spouses and other eligible family members.

45. The termination and diminishment of collectively-bargained healthcare benefits, and the failure and refusal to provide the collectively-bargained lifetime healthcare benefits, and the announcement of the planned termination of the benefits and the Visteon plans in the future are wrongful and actionable under ERISA, 29 U.S.C. §§1132(a)(1)(B) and (3), which entitles a participant or beneficiary to bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" and "to enjoin any act or practice which violates…the terms of the plan or…to obtain other appropriate equitable relief…to redress such violations or…to enforce…the terms of the plan."

46. These wrongful acts breach obligations under ERISA and the governing plan or plans and in doing so have caused injury and damage to the individual plaintiffs and others similarly-situated, and their spouses and surviving spouses and other eligible family members, and continue to do so.

**Relief Requested**

WHEREFORE, plaintiffs ask that the Court:

1. Certify this action as a class action, appoint Plaintiffs Dolores Gromalski and Pablo Gomez as class representatives, and appoint plaintiffs' counsel to serve as class counsel;

2. Declare and determine that termination of the retirement benefits violated the collective bargaining agreements and welfare benefit plans and direct the responsible parties to rectify those violations by paying damages and otherwise making plaintiffs and those similarly-situated whole;

3. Award damages to plaintiffs and those similarly-situated;

4. Issue preliminary and permanent injunctions directing responsible parties to satisfy their contractual and statutory duties and responsibilities under the collective bargaining agreements and welfare benefit plans and to reinstate and maintain promised lifetime vested retirement healthcare for the members of the class;

5. Direct responsible parties to pay interest on damages, to pay plaintiffs' costs and attorney fees, and to pay such other compensatory, punitive and exemplary damages as may be warranted; and

6. Award such other relief as may be necessary to make plaintiffs and those similarly-situated whole and such other relief as may be warranted by law and equity.

        s/Stuart M. Israel
        Stuart M. Israel (P15359)
        John G. Adam (P37205)
        Martens, Ice, Klass, Legghio, Israel, P.C.
        306 South Washington, Suite 600
        Royal Oak, MI 48067
        (248) 398-5900
        israel@martensice.com
        jga@martensice.com
        Attorney for Class Representatives and UAW

        Michael F. Saggau (P35326)
          Associate General Counsel
        Niraj R. Ganatra (P63150)
          Deputy General Counsel
        International Union, UAW
        8000 E. Jefferson Avenue
        Detroit, MI  48214
        (313) 926-5216
        msaggau@uaw.net
        nganatra@uaw.net

        Attorneys for UAW

Date: September 30, 2010

**JURY DEMAND**

Plaintiffs request a jury trial of all issues triable by jury.

                                      s/Stuart M. Israel
                                      Stuart M. Israel (P15359)
                                      John G. Adam (P37205)
                                      Martens, Ice, Klass, Legghio, Israel, P.C.
                                      306 South Washington, Suite 600
                                      Royal Oak, MI 48067
                                      (248) 398-5900
                                      israel@martensice.com
                                      jga@martensice.com
                                      Attorney for Class Representatives and UAW

                                      Michael F. Saggau (P35326)
                                        Associate General Counsel
                                      Niraj R. Ganatra (P63150)
                                        Deputy General Counsel
                                      International Union, UAW
                                      8000 E. Jefferson Avenue
                                      Detroit, MI  48214
                                      (313) 926-5216
                                      msaggau@uaw.net
                                      nganatra@uaw.net

                                      Attorneys for UAW

Date:  September 30, 2010