IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERNATIONAL UNION, UNITED
AUTOMOBILE AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); and
DOLORES GROMALSKI and PABLO
GOMES, for themselves and others
similarly situated,
                Plaintiffs;

v.

VISTEON CORPORATION; VISTEON
SYSTEMS LLC; VISTEON
CARRIBBEAN, INC.; VISTEON
SYSTEMS LLC HEALTH AND
WELFARE BENEFIT PLAN FOR
HOURLY EMPLOYEES-NORTH PENN
LOCATION; and VISTEON CARIBBEAN,
INC. EMPLOYEE GROUP INSURANCE
PLAN,
                Defendants.

No. 1:13-cv-01742-RGA

MEMORANDUM OPINION

Susan E. Kaufman, Esq., Cooch and Taylor P.A.; John G. Adam, Esq., Legghio & Israel, P.C., for the Plaintiffs.

Laura Davis Jones, Esq., James E. O'Neill, Esq., Pachulski Stang Ziehl & Jones LLP; Andrew B. Bloomer, Esq., Catherine L. Fitzpatrick., Esq., Kirkland & Ellis LLP, for the Defendants.

July 18, 2014

*[signature]*
ANDREWS, U.S. District Judge:

  Before the Court is Defendants Visteon Corporation ("Visteon"), Visteon Systems LLC, Visteon Caribbean, Inc., Visteon Systems LLC Health and Welfare Benefit Plan for Hourly Employees-North Penn Location, and Visteon Caribbean, Inc. Employee Group Insurance Plan's (collectively, the "Defendants") request to either refer the case to the bankruptcy court, or retain the case in the District Court. (D.I. 73 at 1).

I. **Background**

  International Union, United Automobile Aerospace, and Agricultural Implement Workers of America ("UAW") and Dolores Gromalski and Pablo Gomez, for themselves and other similarly-situated (collectively, the "Plaintiffs"), filed the instant suit against the Defendants in the U.S. District Court for the Eastern District of Michigan. (D.I. 4 at 1). The Plaintiffs claim that the Defendants (1) breached their collectively-bargained obligations to the Plaintiffs; and (2) wrongfully terminated the Plaintiffs' collectively-bargained lifetime healthcare benefits. (*Id.* at 8, 11).

  Earlier, in the course of its Chapter 11 bankruptcy in Delaware, Visteon moved the Bankruptcy Court for permission to terminate all United States retiree benefit plans pursuant to 11 U.S.C. § 363(b)(1). (D.I. 73 at 2). A group of retirees formerly employed by Visteon, including the Plaintiffs, opposed the motion, arguing that Visteon could not terminate the benefits without first complying with the requirements of 11 U.S.C. § 1114. (*Id.*). The Bankruptcy Court granted Visteon's motion as to most of the retirees, including the Plaintiffs, reasoning that the rights were not vested and thus Visteon had the right to terminate those rights unilaterally (the "OPEB Termination Order"). (*Id.*). A group of retirees that did not include the Plaintiffs appealed the Bankruptcy Court's ruling. (*Id.*). The Third Circuit reversed the ruling and remanded the

1

proceedings. (*Id.* at 3). On remand, the Bankruptcy Court held that the Third Circuit's decision applied to UAW retirees and ordered the Defendants to restore those benefits (the "Reinstatement Order"). (*Id.*). Visteon appealed the Reinstatement Order to this Court, arguing that the UAW retirees were not parties to the appeal, and hence were bound by the bankruptcy court's Termination Order. (*Id.*). This Court agreed with Visteon, citing a strong interest in finality. UAW appealed, and the case is pending in the Third Circuit. (Nos. 12-3352 & 3353, argued May 20, 2014).

During this time, the Bankruptcy Court approved Visteon's Plan of Reorganization (the "Reorganization Plan"). (*Id.* at 4). The Reorganization Plan reserved Visteon's right to terminate retiree healthcare benefits upon its emergence from Chapter 11. (*Id.*). Accordingly, once Visteon emerged from bankruptcy on October 1, 2010, it terminated the benefits of the North Penn and Caribbean retirees, which included the Plaintiffs. (*Id.*). The Plaintiffs sued the Defendants in the Eastern District of Michigan for the post-bankruptcy termination of their postemployment benefits. (*Id.*). The Defendants moved to dismiss the case or to have it transferred to the District of Delaware. (*Id.*). The Michigan Court denied the Defendants' motion to dismiss and granted the motion to transfer. (*Id.*). The Plaintiffs subsequently filed a Petition for Writ of Mandamus requesting that the Sixth Circuit rescind the Michigan District's transfer order (filed Nov. 7, 2013). (D.I. 75-1 at 2, 13-14). The writ of mandamus was denied on May 23, 2014. Order Denying Petition for Writ of Mandamus, *In re International Union, United Automobile, Aerospace and Agricultural Implement Workers of America; Dolores Gromalski; Pablo Gomez*, Case: 13-2511 (6th Cir. 2014).

On November 18, 2013, this Court requested both parties to submit briefs in support of their respective positions. The question before the Court is whether to refer the case to the

2

bankruptcy court or to keep it in the District Court. The Court's analysis will be divided into two inquiries: first, whether the bankruptcy court has jurisdiction over this matter, and second, whether the present claim is barred by *res judicata*.

## II. Discussion

### a. Bankruptcy Court Jurisdiction

The bankruptcy court's subject matter jurisdiction is outlined in §§ 28 U.S.C. 1334 and 157. Where these statutes do not already provide jurisdiction, courts have held that neither the parties nor the court can create it by stating it in a reorganization plan or order. *See In re Resorts Intern.*, 372 F.2d 154, 161 (3d Cir. 2004); *In re Continental Airlines, Inc.*, 236 B.R. 318, 323 (Bankr. D. Del. 1999).

The Defendants correctly assert that bankruptcy courts retain jurisdiction to interpret and enforce their prior orders. (D.I. 73 at 5, 6; D.I. 76 at 5). In support of their position, Defendants cite *In re Sportsman's Warehouse*. (D.I. 73 at 5). In *In re Sportsman's Warehouse*, the bankruptcy court held that, in the post-confirmation context, claims that do not affect the "'interpretation, implementation, consummation, execution, or administration of the confirmed plan . . .' are unlikely to have the requisite 'close nexus' necessary for asserting bankruptcy court jurisdiction." 457 B.R. 372, 385 (Bankr. D. Del. 2011). The court accordingly found one of the claims to be subject to the court's jurisdiction as it required the court to interpret, validate, and enforce an assumption order. *Id.* at 387. In *In re Resorts*, the Third Circuit clarified the "close nexus" inquiry, holding that, at the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process. 372 F.3d at 166-67.

The Defendants assert that the issues in this case are "inextricably intertwined with the bankruptcy court's Termination and Reinstatement Orders during Visteon's Chapter 11

3

proceedings and from the confirmed Reorganization Plan." (D.I. 76 at 5). However, it is difficult to reconcile the termination of retiree benefits with the execution of the Reorganization Plan. The court in *In re Sportsman* dealt with substantive Title 11 issues that compelled bankruptcy court intervention. 457 B.R. at 387. Visteon's post-bankruptcy termination of retiree OPEB benefits does not exhibit such a relationship.[1] Further, as the Plaintiffs have argued, because the case deals with ERISA/LMRA claims, it can be dealt with outside the Bankruptcy Court. (D.I. 4 at 8-11.).

The Defendants also suggest that in addition to the Reorganization Plan reserving jurisdiction, the bankruptcy court also retained jurisdiction over matters relating to the Reorganization Plan.[2] The Defendants rely on *Travelers Indem. Co. v. Bailey,* where the Bankruptcy Court for the Southern District of New York included similar language regarding jurisdiction in an approval order for the defendant's reorganization plan. 557 U.S. 137, 143 (2009). The Supreme Court found that the Bankruptcy Court not only had jurisdiction to interpret and enforce its own prior orders, but also that it explicitly retained jurisdiction in its approval order over the matter in question. *Id*. The Court subsequently approved the bankruptcy court's subject matter jurisdiction. *Id*. The facts in *Travelers* are fundamentally different from the facts in this case. First, the claims in *Travelers* resulted from conduct before and during bankruptcy. *Id*. at 138-139. Second, the claims were related to a key element of the reorganization plan. *Id*. The Court does not see the termination of retiree benefits that is the subject of the complaint to be a key component of Visteon's Reorganization Plan. The Plaintiffs' claim does not affect Visteon's

---

[1] In claiming bankruptcy jurisdiction over this matter, the Defendants note the Plaintiffs' request for damages resulting from the "earlier termination of healthcare benefits," which implicates conduct during bankruptcy. (D.I. 76 at 4; D.I. 4 at 10). However, the Plaintiffs have repeatedly represented that their claims arise from post-bankruptcy conduct falling outside of bankruptcy jurisdiction. (D.I. 75 at 6-9). The Court therefore strikes Plaintiffs' damages claims from the "earlier termination of benefits" from the Amended Complaint.

[2] The material provision is as follows: "Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan as set forth in Article XII of the Plan." (Case 09-11786-CSS, Doc. 4099 at 37.).

4

Reorganization Plan in a manner that requires Bankruptcy Court interpretation or enforcement. This is especially important because this case arises in a post-confirmation context. Thus, the Court does not find *Travelers* to support the Defendants' position.

For the reasons stated above, the Court does not find that the Bankruptcy Court has jurisdiction over this matter. The claims asserted by the Plaintiffs do not bear a "close nexus" to Visteon's bankruptcy proceedings. Further, as repeatedly recognized by courts in the Third Circuit, neither parties nor the bankruptcy court can create jurisdiction where it does not already exist by statute.

### b. *Res Judicata*

The Court need not address the Michigan Court's decision to reject the Defendants' *res judicata* claim. There is nothing in Third Circuit case law to support a reversal of the Michigan Court's decision.

The Defendants stress that even if *res judicata* does not apply, the Michigan Court did not address the question of vested retiree benefits in its transfer order. (D.I. 76 at 6). This omission coupled with the Bankruptcy Court's final order regarding this issue, at the very least, the Defendants argue, should bar the vested benefits issue from being litigated again. However, it appears that the central crux to the Plaintiffs' claims is whether their retiree health care benefits were vested. (D.I. 75 at 5, 6). Therefore, it would make sense that if a claim is not precluded, subsidiary issues relating to the particular claim are not precluded as well.

### III. Conclusion

For the reasons above, the Court will retain jurisdiction over this case. A separate order will be entered.

5